# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

April 13, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: M.P., E.P., & D.P.**

**No. 14-1046** (Raleigh County 13-JA-111through 13-JA-113)


## MEMORANDUM DECISION

Petitioner Mother, by counsel Steven K. Mancini, appeals the Circuit Court of Raleigh County's September 17, 2014, order terminating her parental rights to M.P., E.P., and D.P. The Department of Health and Human Resources ("the DHHR"), by counsel, Angela Alexander Walters, filed a response in support of the circuit court's order. The guardian ad litem, Teresa D. Daniel, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without requiring that a family case plan be filed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, the DHHR filed an abuse and neglect petition against petitioner and the children's father as to M.P., E.P., and D.P. The petition alleged that petitioner failed to protect her children by leaving them in the care of their father, who was a known and wanted felon. In September of 2013, petitioner stipulated to the allegations in the petition, and the circuit court granted her a post-adjudicatory improvement period. In October of 2013, petitioner and her attorney signed a family case plan to be implemented during her improvement period. That family case plan identified several concerns for correction, including petitioner's drug and alcohol abuse that threatened the children's safety.

In April of 2014, at an improvement period review hearing, petitioner moved for a three-month extension of her improvement period. However, it was uncontested that petitioner admitted to the Child Protective Services ("CPS") worker immediately prior to the hearing that, if she submitted to a drug screen at that time, she would test positive for methamphetamine and marijuana. Further, petitioner testified that, during her improvement period, she had been arrested and incarcerated for operating or attempting to operate a clandestine methamphetamine laboratory and generally failed to comply with the terms of the improvement period. Ultimately, the circuit court denied her motion for an extension of the improvement period.

At the dispositional hearing in July of 2014, petitioner testified that, since the hearing in April of 2014, she had begun a one-week detoxification program, which she completed, but she

1

was subsequently discharged from another program due to an argument with the program providers over a positive drug screen. The circuit court ruled that petitioner had failed to take sufficient action to rehabilitate herself and be treated for her drug addiction. Therefore, in an effort to achieve permanency for these children, the circuit court terminated petitioner's parental rights. This appeal followed.

On appeal, petitioner assigns error to the circuit court's termination of her parental rights without first requiring that the family case plan be filed. Petitioner concedes that a family case plan was prepared and that she signed it in approximately October of 2013. It is uncontested that petitioner's attorney signed it at that time and that a copy was submitted to the circuit court at the dispositional hearing, if not before, which was unquestionably prior to the circuit court's termination of petitioner's parental rights.[1] As such, the Court finds no reversible error in the circuit court proceeding to disposition without a family case plan being filed. We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). In discussing family case plans, this Court has stated that

> "[t]he purpose of the family case plan as set out in W.Va. Code [§] 49-6D-3(a) (1984), is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 5, *State ex rel. Dep't of Human Services v. Cheryl M.*, 177 W.Va. 688, 356 S.E.2d 181 (1987).

---

[1]The circuit court judge stated at the dispositional hearing that "I've probably got that [family case plan] in this stack of paper somewhere, but, since you [the guardian] found your copy, show it to Mr. Mancini [petitioner's counsel] and then, if you wish me to, I can take a look at it." While petitioner concedes that the circuit court then reviewed the guardian's submitted copy of the family case plan, petitioner takes issue with the circuit court judge's comments that it would only briefly review that document. We cannot find error as to the circuit court's duration of review of the submitted family case plan based on the record on appeal before us for several reasons. First, the circuit court reviewed the family case plan during the dispositional hearing, and it is for the circuit court to manage the course of its judicial docket. Second, the circuit court intended to return that copy of the family case plan to the guardian, and its comments as to its brief review of that document amount to little more than consideration to ensure that the guardian received his copy back within a reasonable time. Finally, the circuit court stated that it may have had that document elsewhere and reviewed the guardian's copy for convenience as it was before him at that moment.

Syl. Pt. 2, *In re Desarae M*., 214 W.Va. 657, 591 S.E.2d 215 (2003).

While petitioner is correct that West Virginia Code §§ 49-6D-2(b) and 3(a) require that a family case plan be filed within thirty days of the improvement period's inception, the Court declines to find reversible error under the specific limited circumstances of this case because, in this case, a family case plan was prepared and signed by petitioner. Moreover, the circuit court made clear its concerns relating to petitioner's substance abuse issues on multiple occasions. Petitioner does not contest that she helped develope the family case plan and identified her problems therein with logical steps to resolve them. Instead, petitioner argues that the family case plan did not include a requirement for in-patient substance abuse treatment and the CPS worker's testimony to this effect was incorrect. However, petitioner admits that her psychological evaluation was amended in January of 2014 to include such a recommendation and that she, her attorney, and the CPS worker met in February of 2014 to discuss in-patient treatment. Any error with regard to the CPS worker's recollection of the origin of the agreement for petitioner to pursue in-patient treatment is harmless given the remaining evidence. While it is true that the family case plan was not filed with the circuit court, it is clear that one was developed and signed by petitioner, and she was provided with organized, realistic goals to achieve reunification in that plan and throughout her improvement period. As such, we find no reversible error in this regard.

It is also clear from the record on appeal that, despite having signed the family case plan and admitting to meeting with the CPS worker and others regarding her substance abuse problems, petitioner failed to make sufficient improvements throughout the proceedings below. She admitted to continued illegal substance abuse, failure to submit to drug screens, discharge from a beneficial program due to a positive drug screen, and an arrest and incarceration during her improvement period for operating or attempting to operate a clandestine methamphetamine laboratory. For these reasons, under the limited circumstances of this case, the Court declines to find that the process established for abuse and neglect proceedings was "substantially disregarded or frustrated" such that vacating the resulting order is warranted.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3